**In re Vivian ROBERTS, Chapter 7 Debtor.**

**Vivian ROBERTS et al.,**

v.

**The BELL TELEPHONE COMPANY OF PENNSYLVANIA.**

**C.A. No. 83–1378.**

United States District Court, E.D. Pennsylvania.

May 6, 1983.

Michael Donahue, Chester, Pa., for debtor/appellant.

Lawrence G. McMichael, Anne Marie P. Kelly, Philadelphia, Pa., for appellee.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This case is an appeal by the debtor Vivian Roberts ("Roberts"), who represents a class certified by the Bankruptcy Court,[1] seeking a reversal of the order by the Bank-

---

1. The certified class shall consist of all individuals who:

The order certifying the class, entered on July 20, 1982, states:
(a) reside within the territorial jurisdiction of the United States Bankruptcy Court for the Eastern District of Pennsylvania; and
(b) have filed or will file a voluntary petition for relief under the Bankruptcy Reform Act of 1978, et seq., and
(c) list Defendant as an unsecured creditor; and
(d) have had their telephone service terminated by Defendant prior to the filing of the

voluntary petition for relief for non-payment of an obligation listed on the voluntary petition for relief; and
(e) request initiation of telephone service to their residence from Defendant within twenty (20) days of the filing of the voluntary petition for relief; and
(f) are denied such service until a security deposit is paid because they have an unknown credit rating or have a known unfavorable credit rating; and
(g) use telephone service primarily for non-business use, and business use, if any, is merely incidental.

ruptcy Judge requiring her to first post a security deposit, as adequate assurance of payment, before being provided telephone service by the appellee, The Bell Telephone Company of Pennsylvania ("Bell"). The facts have been provided by stipulation of the parties and, although the parties appear to disagree as to their meaning, are not in dispute. Each party has filed a motion for summary judgment. This court may affirm, modify, or reverse the Bankruptcy Court's order and may not set aside findings of fact unless they are clearly erroneous. Rule 8013 of The Bankruptcy Rules. For the reasons that follow, we shall grant the motion of Bell and affirm the order of the court below.

In May, 1976 Roberts applied, for the first time, to Bell for residential telephone service. During the period of May, 1976 to February 3, 1982 she failed to establish or maintain a satisfactory credit rating. On February 3, 1982, with an unpaid balance of $305.15 owing on Roberts' account, Bell ceased to render telephone service to her due to non-payment of her bills. On April 13, 1982, over two months after the termination of telephone service, Roberts filed a Voluntary Petition for Relief seeking relief under Chapter 7 of the Bankruptcy Code ("the Code"). Bell was listed as an unsecured creditor.

The debtor then notified Bell of her bankruptcy petition and demanded that Bell provide telephone service to her residence. Bell requested a $75.00 security deposit as a condition of providing new residential service to the debtor. It is Bell's policy to require a $75.00 security deposit from individual consumers seeking new residential telephone service who have an unknown credit rating or have a known unfavorable credit rating. Bell applies this policy uniformly and consistently. When the debtor refused to pay the deposit, Bell declined to provide service until it was ordered to do so by the Bankruptcy Court by way of a temporary restraining order entered April 23, 1982.[2]

On June 4, 1982 the debtor filed the class action complaint constituting this appeal alleging that: (1) Bell's refusal to restore telephone service to the debtor immediately upon the filing of her petition violated section 366(a) of the Code; (2) Bell's refusal to allow the debtor twenty (20) days to post a security deposit violated section 366(b) of the Code; and (3) Bell should be enjoined from continuing its practice of refusing to restore service to any debtor within twenty (20) days of the filing of a petition for relief unless a security deposit is first posted.[3]

Section 366 of the Code provides:

(a) Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

11 U.S.C. § 366.

The Bankruptcy Court, 27 B.R. 101 (Bkrtcy.1983), after fully reviewing the legislative history of Section 366 as well as the relevant caselaw, concluded that Section 366 does not obligate Bell to turn on service immediately after the order for relief is entered and then give the debtor twenty (20) days to post a security deposit. That court, in making its determination, specifically noted the limited nature of the holding. The debtor's telephone service was terminated, due to the non-payment of her telephone bills, *prior* to the filing of her

---

**2.** Petitioner had three trimline, touchtone, unlisted telephones.

**3.** Deposit is returnable.

petition in bankruptcy. There *was no existing service* at the time the petition was filed. (Opinion of the court, p. 103) (emphasis original).

In affirming the court's holding, we note that the essence of the debtor's relationship with Bell is that of a new customer. As is true of all of Bell's customers who have failed to establish or maintain a satisfactory credit rating, Roberts was required to post a security deposit prior to initiation of service. To rule that Section 366(b) compels Bell to give service for twenty days without the posting of a deposit under these circumstances would be to turn the bankruptcy petition into a means of extracting greater services from Bell than it is required to give under the applicable Pennsylvania Public Utility Commission Tariffs.

Although the bankruptcy court determined that the term "refused" as used in Section 366 is to be interpreted to mean that the utility may not cut off existing service, this court does not view the facts of this case as requiring an interpretation of that term. Rather, it is clear from the stipulated facts that Bell requested the security deposit prior to initiating service because Roberts had an unknown credit rating or was known to have an unfavorable credit rating. Bell did not seek the posting of a security deposition "solely on the basis that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due." 11 U.S.C. § 366. The basis of the termination was a reason other than solely the existence of a pre-bankruptcy debt. The holding, then, is a narrow one where a Bell customer has, prior to the filing of a petition in bankruptcy, been terminated from Bell residential service in accordance with the applicable tariffs allowing for termination of service due to the failure to establish or maintain a satisfactory credit rating, that customer as a debtor in bankruptcy may be required, prior to the obtaining of new residential telephone service, to post the same security deposit as that required of a non-bankrupt Bell customer who has an unknown credit rating or a known unfavorable credit rating. On that limited holding,

the February 2, 1983 order denying relief to the debtor on behalf of the class is affirmed.