**Terry L. LLOYD and Linda K. Lloyd, Plaintiffs,**

v.

**CHAMPAIGN TELEPHONE COMPANY, Defendant.**

**In the Matter of Terry L. LLOYD and Linda K. Lloyd, Debtors.**

**Bankruptcy No. 3–85–00940. Adv. No. 3–85–0130.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Aug. 26, 1985.

[black box]

---

James N. Griffin, Springfield, Ohio, for plaintiffs.

Ronald C. Tompkins, Urbana, Ohio, for defendant.

## DECISION AND ORDER

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the complaint of plaintiffs, Terry L. Lloyd and Linda K. Lloyd, debtors in a Chapter 7 bankruptcy proceeding, alleging that defendant, Champaign Telephone Company, violated the automatic stay provisions of 11 U.S.C. § 362. Plaintiffs also request this court to find that a deposit of $50.00 constitutes adequate assurance of future telephone service pursuant to 11 U.S.C. § 366. Based upon the testimony and exhibits presented at trial on July 26, 1985, the court makes the following finding of facts.

On May 7, 1985 debtors filed a petition in bankruptcy under the provisions of Chapter 7 of the Bankruptcy Code. At that time plaintiffs-debtors owed to the defendant a total of $73.12 for previous telephone service and were one month ($42.04) in arrears. Following the receipt of a notice of debtors' filing in bankruptcy, defendant telephone company sent a letter on May 20, 1985, informing the debtors that a deposit of $150.00 was required within twenty days of their filing in bankruptcy to assure payment for future telephone services. The letter also stated that if the deposit was not received within the twenty-day period, debtors' telephone service would be terminated. During this period the attorney for the debtors offered a deposit of $50.00 to the defendant, but this offer was rejected. Because the requested deposit was not remitted by the debtors, the telephone company terminated debtors' residential telephone service on May 29, 1985. Debtors testified that it was often necessary for their place of employment to be able to contact them by phone and that they had suffered personal inconvenience as a result of the loss of telephone service.

The commercial manager of the telephone company described the policies used by defendant in determining the amount it requires from its customers as a security deposit. The standard policies of defendant are derived from regulations prescribed by the Public Utilities Commission of Ohio.

In calculating debtors' required deposit, defendant consulted section 2.3(f) of the "Tariff No. 2 of the Champaign Telephone Company, Incorporated," which reads as follows:

The Telephone Company will require from applicant, to establish or reestablish credit, a cash deposit not in excess of one-sixth of the estimated charge for all service for the ensuing twelve months, plus thirty (30) percent of the monthly estimated charge.

In applying this formula to the past billing amounts for debtors, defendant multiplied debtors' average monthly bill by 2.3, and arrived at $126.78 as the amount required from the debtors as a security deposit. Because defendant also has a policy of rounding off a calculated deposit to the nearest $50.00, a deposit of $150.00 was requested from debtors.

No security deposit had been requested from debtors when the telephone service was initially installed because of the satisfactory credit record of debtor Terry L. Lloyd. According to the testimony of defendant's commercial manager, a security deposit was later requested as a result of debtors' filing in bankruptcy and not because of past indebtedness. It was the notice of bankruptcy that triggered defendant's review of debtors' account.

Further testimony of defendant's commercial manager indicated that although the subject of paying the requested deposit in installments had never been discussed, defendant would probably be agreeable to such an arrangement.

## CONCLUSIONS OF LAW

At the outset it should be noted that this decision is guided by the principles announced in *Hennen v. Dayton Power & Light Co.*, 17 B.R. 720 (1982).

Although debtors assert that defendant has violated the automatic stay of 11 U.S.C. § 362, they fail to indicate with any degree of precision what provisions of that Bankruptcy Code section may be involved. Nevertheless, because 11 U.S.C.

§ 366 specifically addresses the relationship between debtors and utility companies, compliance with § 366 will generally excuse an action which, absent § 366, might otherwise constitute a violation of the automatic stay under the extremely broad provisions of § 362.

11 U.S.C. § 366 provides the following regarding utility service:

(a) Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

From the testimony of defendant's commercial manager, it appears that debtors' account was reviewed because of the filing of debtors' bankruptcy petition. Although the general rule of § 366(a) forbids defendant from discontinuing debtors' service solely because of the bankruptcy filing, § 366(b) contains an express exception to this prohibition. § 366(b) permitted the defendant to discontinue debtors' telephone service when neither the trustee nor the debtors furnished a security deposit within the required time period.

[O]nce the twenty-day period has expired, the utility is in the driver's seat and may alter, refuse, or discontinue service as it sees fit unless the debtor has furnished the adequate assurance of payment demanded by the utility. If the debtor, the creditors' committee, or other party in interest is dissatisfied with the

"adequate assurance of payment" demanded by the utility, then such party may apply to the court for an order seeking a reasonable modification of it. In other words, once the twenty-day period has expired, the utility may act unilaterally to terminate service if adequate assurance of payment has not been furnished. *In re Stagecoach Enterprises, Inc.*, 1 B.R. 732, 734 (Bankr.M.D.Fla. 1979).

In the instant matter defendant telephone company complied with § 366 and thus there was no violation of the automatic stay provisions of § 362. Once the twenty-day period elapsed, without a deposit being made by debtors and in the absence of any supplementary order by the court,[1] the defendant was free to terminate the debtors' telephone service.

■ The remaining question is whether the deposit requested by defendant is reasonably calculated to provide "adequate assurance" of payment by the debtors for future telephone services. The determination of "adequate assurance" is within the province of the bankruptcy court, which is not bound by state regulations or policies promulgated on the basis of state regulations. *See, In re Begley*, 41 B.R. 402, 405 (D.E.D.Pa.1984); *In re Marion Steel Co.*, 35 B.R. 188, 199 (Bankr.N.D.Oh.1983).

This Court's determination of adequate assurance under 11 U.S.C. § 366(b), however, is a federal question, for which relevant state law serves only evidentiary value. Adequate assurance does not require an absolute guarantee of payment, and is largely a factual determination. (Citations Omitted) *Hennen v. Dayton Power & Light Co.*, supra at 725.

■ In some instances there may be no need for a security deposit. Such was the case in *In re Shirey*, 25 B.R. 247 (Bankr.E. D.Pa.1982), where the debtor was current in his utility payments at the time of filing bankruptcy. In the instant adversary proceeding the debtors had an arrearage. Defendant is entitled to a deposit.

Essentially the debtors are in the same position as new customers of the telephone company. *In re Roberts*, 29 B.R. 808, 810 (D.E.D.Pa.1983). According to the policies of defendant, customers who are unable to establish a satisfactory credit rating or fail to maintain their payments, are required to make a security deposit. Plaintiffs have not explained why they should be treated differently than the "regular" customers of the telephone company.

Although 11 U.S.C. § 366(a) is premised upon Congressional concern for debtors' ability to obtain vital utility service, this section neither explicitly nor impliedly grants debtors greater rights than other utility customers, in Ohio codified by statute." *Hennen v. Dayton Power & Light Co.*, supra at 724.

■ This Court finds that defendant's request for a security deposit of 2.3 times debtors' average monthly billing appears *prima facie* to be reasonable and notes that debtors have not introduced any evidence tending to show that this amount is unreasonable. Defendant appears to be requiring the same deposit as it does from other customers, who have "flawed" credit histories. There has, however, been no evidence introduced which justifies the telephone company's policy of rounding off the formula-derived deposit to the nearest $50.00 and in fact this procedure allows the defendant to exceed the maximum permissible deposit set forth in section 2.3(f) of the "Tariff No. 2 of the Champaign Telephone Company, Incorporated." The amount of "adequate assurance" in this case is $126.78 and not $150.00. Further, the commercial manager of the defendant indicated willingness to accept the required security deposit in installments and this

---

1. In *some cases* it may be proper for this court to restrain a utility company from disconnecting service, pursuant to 11 U.S.C. § 105, until a hearing may be held. No inference should be made that in the instant case such an order would or would not have been granted. It is merely observed that the debtors, here, did not come forward to the court until after their telephone service had been terminated.

court's order will reflect defendant's position.

For the foregoing reasons it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1) Defendant has not violated the automatic stay provisions of 11 U.S.C. § 362;

2) defendant is entitled to a security deposit of $126.78 as "adequate assurance" of payment for future telephone service provided to the plaintiffs;

3) plaintiffs may pay the security deposit in three (3) equal monthly installments and defendant shall reconnect debtors' telephone service upon receipt of the first installment;

4) upon any default in payment of either the monthly installments or newly incurred telephone charges, defendant shall be permitted to pursue its usual and customary remedies under state law.