**In re David W. CARTER,**
**Rebecca A. Carter.**

**David and Rebecca CARTER, Plaintiffs,**

**v.**

**SOUTH COUNTY WATER**
**SYSTEM, Defendant.**

**Bankruptcy No. 90–33771.**
**Adv. No. 90–3406.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

June 5, 1991.

L. Douglass McCrury, Toledo, Ohio, for plaintiffs.

Morton R. Cohn, Sr., Monroe, Mich., for defendant.

## OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFFS' COMPLAINT

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon plaintiffs' motion for summary judgment for violation of automatic stay to which defendant has submitted an affidavit in opposition. Upon consideration thereof, the court finds that said motion is not well taken and should be denied and that plaintiffs' complaint should, then, be dismissed.

### FACTS

On October 29, 1990, Debtors filed their voluntary chapter 13 petition. On November 19, 1990, Debtors, upon arriving home from work, found a "24 hour notice of intent to shut off water for nonpayment of water bill" stating that their service would be terminated on November 20, 1990. Plaintiff, Mrs. Carter, states that she contacted the company the following day at 8:00 a.m., and told the man to whom her call was referred that she had filed bankruptcy. That gentleman, according to Mrs. Carter, informed her that her water was in the process of being shut off for nonpayment of the prepetition water bill. A legal assistant employed by plaintiffs' counsel, recounts that, after being contacted by Mrs. Carter regarding the water shut off, she spoke with Mr. Ed Cousino at defendant's business who told her that plaintiffs' filing of a petition in bankruptcy did not matter, and "that their water had already been shut off because of their nonpayment of their prepetition water bill and that service would be restored if they paid that bill." Motion for Summary Judgment at 34. Plaintiffs' water was shut off when they arrived home that evening.

On November 20, 1990, plaintiffs filed a complaint for damages and injunctive relief for violation of automatic stay and motion for preliminary injunction. Plaintiffs seek damages including lost wages and attorney's fees. Plaintiffs' water service was restored on November 21, 1990, after their payment of a deposit representing charges for approximately two months. On April 12, 1991, plaintiffs filed a motion for summary judgment, supported by affidavits of plaintiffs and their counsel's legal assistant. Plaintiffs maintain that defendant was adequately assured, as required by 11 U.S.C. § 366, of payment for postpetition utility services through the availability of a statutory lien on plaintiffs' residence, provided by Michigan law. Plaintiffs, therefore, seek actual damages and attorney's fees resulting from defendant's violation of the stay in terminating plaintiffs' utility service.

Defendant filed an affidavit opposing plaintiffs' motion claiming that defendant does not come within the purview of the Michigan law cited by plaintiffs, permitting a statutory lien upon plaintiffs' residence, that defendant was within its rights in terminating plaintiffs' utility service after expiration of 20 days without adequate assurance, and that there exists genuine issues of fact.

## DISCUSSION

Bankruptcy Rule 7056 makes Rule 56 Fed.R.Civ.P. applicable to the instant motion. Thus, summary judgment shall be granted if—

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c).

■ Section 366(a) of title 11 prohibits a utility from discontinuing service

> solely on the basis of the commencement of a case under this title or that a debt owed by the Debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a). However, the utility may discontinue service if the Debtor fails, within 20 days after the petition, to furnish adequate assurance of future payment. 11 U.S.C. § 366(b). This section was enacted to "protect the utility while preventing discrimination against the Debtor." *In re Marion Steel Co.*, 35 B.R. 188, 197 (Bkrtcy. N.D.Ohio 1983) (citations omitted). Subsection (b) is self executing and a formal proceeding by the utility is not required. 2 *Collier on Bankruptcy* ¶ 366.03 at 366–3 (15th ed. 1991). That is,

> [i]t is true that failure to provide the adequate assurance payment within the 20 day period renders a Debtor susceptible to a service termination.

*In re Allen*, 69 B.R. 867, 874, 16 C.B.C.2d 527 (Bkrtcy.E.D.Pa.1987). *See also In re Penn Jersey Corp.*, 72 B.R. 981, 985, 15 B.C.D. 1163, 16 C.B.C.2d 1543 (Bkrtcy. E.D.Pa.1987) (if Debtor fails to negotiate the terms of adequate assurance within 20 days, Debtor is virtually at the mercy of the utility); *In re Smith, Richardson and Conroy, Inc.*, 50 B.R. 5 (Bkrtcy.S.D.Fla. 1985) (utility may not stop service within 20 days after bankruptcy; thereafter, it may discontinue service if neither the trustee nor Debtor within 20 days "furnishes adequate assurance of payment"); *Marion Steel*, 35 B.R. at 197 (once the twenty day period has expired, the utility is in the driver's seat and may discontinue service as it sees fit (quoting *In re Stagecoach Enterprises, Inc.*, 1 B.R. 732 (Bkrtcy. M.D.Fla.1979))). Thus,

> § 366(a) ... prohibits the utility from discrimination in providing future service to the Debtor due to the existence of a prepetition debt that might not be paid due to the bankruptcy, comparable to the prohibition of discrimination imposed upon governmental units and private employers in 11 U.S.C. § 525. However, unlike § 525, which requires no performance from the Debtor to avoid discrimination, § 366(b) provides a "self-executing" provision whereby the Debtor is given twenty (20) days to ."furnish ... adequate assurance of payment, in the form of a deposit or other security, for service after that date." Only if the Debtor and the utility cannot agree on the form of adequate assurance, or another party in interest objects to the agreement reached, does the matter reach the Court.

*Penn Jersey*, 72 B.R. at 984.

Section 366 prohibits a utility from unilaterally discontinuing service within 20 days after the filing of a petition. *Marion Steel Co.*, 35 B.R. 188. However,

> the utility may make no demand on the Debtor within the twenty day period, leaving upon the Debtor the burden of coming forward within the twenty day period with "adequate assurance of payment."

*Id.* at 197 (citation omitted). *See also Begley v. Philadelphia Elec. Co.*, 760 F.2d 46 (3d Cir.1985) (utility may terminate Debtor's account if Debtor fails, within 20 days to post adequate assurance of payment for postpetition services; if the utility contests the adequacy of the payment, the bankruptcy court may order a reasonable modification).

■ The parties had no verbal communication with each other from October 29, 1990 to November 19, 1990. Agreed Statement of Facts at 2. Plaintiffs argue that they were not contacted regarding the necessity of a cash security deposit; plain-

tiffs believed the statutory lien provided by Michigan law grants a utility a lien on a residence for nonpayment. However, plaintiffs failed to "furnish" this as adequate assurance of payment. Should plaintiffs have furnished this method as adequate assurance and should the utility have rejected this method as adequate assurance, this court would then have become involved in modifying the deposit as anticipated by 11 U.S.C. § 366(b). *See Penn Jersey, supra.* Because plaintiffs failed to provide adequate assurance, within 20 days after October 29, 1990, the date of their petition, they became susceptible to termination of that utility service. Defendant was within the parameters of § 366 by terminating plaintiffs' service after expiration of that time period.

The facts in *Lloyd v. Champaign Telephone Co.,* 52 B.R. 653 (Bkrtcy.S.D.Ohio 1985), are analogous to those in the instant situation. In *Lloyd,* Debtors filed a complaint against a utility company for violation of the automatic stay when the utility terminated Debtors' service. Quoting *Stagecoach, supra,* the court found that

[i]n the instant matter defendant telephone company complied with § 366 and thus there was no violation of the automatic stay provisions of § 362. Once the twenty-day period elapsed, without a deposit being made by Debtors and in the absence of any supplementary order by the court, the defendant was free to terminate the Debtors' telephone service.

*Id.* at 656.

As stated, plaintiffs failed to furnish adequate assurance to defendant within the 20 day period. Defendant's action was not, then, in violation of the automatic stay. Although they believed the statutory lien was sufficient, plaintiffs failed to furnish this to defendant. Plaintiffs contend that defendant terminated the service as a result of the nonpayment of the prepetition debt. Notwithstanding this allegation, the court finds that after expiration of the 20 day period and as a result of plaintiffs' failure to furnish adequate assurance, defendant was entitled to terminate plaintiffs' utility service.

The court finds that there are no genuine issues of material fact, but, also, that plaintiffs are not entitled to summary judgment as a matter of law. Therefore, plaintiffs' motion should be denied. Additionally, because plaintiffs are not entitled to judgment, the court further finds that plaintiffs' complaint should be dismissed. In light of the foregoing, it is therefore

ORDERED that plaintiffs' motion for summary judgment be, and it hereby is, denied. It is further

ORDERED that plaintiffs' complaint for damages and injunctive relief for violation of automatic stay be, and it hereby is, dismissed.