**In re CALDOR, INC.—NY, et al., Debtors.**

**Nos. 96 Civ. 0370 (SHS), 95 B 44080 (JLG).**

United States District Court, S.D. New York.

July 10, 1996.

Paul B. Phinney, III, Pearl River, NY, for Virginia Electric & Power Company, Peco Energy Company, Jersey Central Power & Light Company, Yankee Gas Services Company, Public Service Electric & Gas Company, New York State Electric & Gas Corp., Baltimore Gas & Electric Company, Delmarva Power & Light Company, Central Hudson Gas & Electric Corporation, Orange & Rockland Utilities, Inc., Niagra Mohawk Power Corporation, Long Island Lighting Company, Consolidated Edison Company of New York, Inc.

Edmund Emrich, Stephan W. Milo, Kaye Scholer, Fierman, Hays & Handler, New York City, for Caldor, Inc.—NY, The Caldor Corporation, Caldor, Inc.—CT, Cal–Leasing, Inc., Cal–Silver Spring, Inc., Caldor–Silver Spring L.L.C., Calfax, Lacdor Realty Corp., Premier Service Programs, Inc.

Stephan W. Milo, Kaye, Scholer, Fierman, Hays & Handler, New York City, for Tri–State Advertising Agency, Inc.

## OPINION AND ORDER

STEIN, District Judge.

Appellants are thirteen public utilities (collectively, the "Utilities") that provide services to appellees The Caldor Corporation and its affiliated companies (collectively, the "Debtors"). The Utilities appeal a decision of the United States Bankruptcy Court for the Southern District of New York (Garrity, J.) which held that the Utilities had "adequate assurance" of payment for their post-petition services pursuant to 11 U.S.C. § 366(b) without requiring the Debtors to provide security in the form of a cash deposit, bond, letter of credit or similar device. For the reasons that follow, the decision of the Bankruptcy Court is affirmed.

Section 366(a) of the Bankruptcy Code provides that "a utility may not alter, refuse, or discontinue service to ... the debtor solely on the basis of" its bankruptcy except as provided in subsection (b). Subsection (b) creates a limited exception under the following conditions: first, a utility cannot take any action against the debtor for the first twenty days after its filing; second, a utility may "alter, refuse, or discontinue" service after that twenty day period if the debtor does not furnish "adequate assurance of payment, in the form of a deposit or other security, for service"; and third, a debtor may request that the Bankruptcy Court modify "the amount of the deposit or other security necessary to provide adequate assurance of payment." 11 U.S.C. § 366(b); see also Robinson v. Michigan Consol. Gas Co., Inc., 918 F.2d 579, 587–88 (6th Cir.1990); In re Carter, 133 B.R. 110, 112 (Bankr.N.D.Ohio 1991).

The Bankruptcy Court held an evidentiary hearing on this matter and found that the Utilities had "adequate assurance" of payment in light of the following: (1) the Debtors have significant cash on hand and access to over $500 million in financing; (2) the Debtors pose significantly less risk than other customers of the Utilities; (3) the Utilities have a greater ability to monitor the financial strength of the Debtors; (4) the Debtors are solvent and are operating out of the proceeds of their operations; (5) the Debtors have a solid prepetition payment history; and (6) the Utilities generally had not required deposits from the Debtors in the past.

Based on these findings, the Bankruptcy Court determined that the only security necessary to provide "adequate assurance" to the Utilities was (1) granting the Utilities an administrative priority, (2) creating a streamlined procedure for the Utilities to obtain immediate relief and future security if the Debtors were late on a single payment, and (3) requiring the Debtors to provide certain financial reports on a monthly basis to the Utilities.

▮▮▮▮ The Utilities do not contend that the Bankruptcy Court's findings of fact were clearly erroneous, nor that it abused its discretion in determining that the Utilities received adequate assurance of payment; instead, the Utilities argue that the Bankruptcy Court erred as a matter of law because section 366(b) requires that the "adequate assurance" be provided by means of a "deposit or other security," and, according to the Utilities' interpretation of section 366(b), "other security" is limited to a bond, letter of credit or similar security. Accordingly, on this narrow issue, we will review the Bankruptcy Court's conclusion of law de novo. See In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir.1994); In re Bodine, 190 B.R. 759, 761–62 (S.D.N.Y.1995). This Court, however, "need not agree with every conclusion reached [by the Bankruptcy Court] and 'may affirm th[e] decision on any ground supported in the record.'" In re Bodine, 190 B.R. at 762 (quoting In re Coronet Capital Co., No. 94 Civ. 1187, 1995 WL 429494, at *2 (S.D.N.Y. July 20, 1995)).

■ The Utilities urge that the Bankruptcy Court erred because it determined that it had discretion to "excuse the Debtor[s] from posting a deposit" and because the final order stated that "the Debtors shall not be required to provide any Utility with a deposit or other form of security" when the plain language of section 366(b) requires that the "adequate assurance of payment" be "in the form of a deposit or other security." The Utilities' argument, however, places undue emphasis on semantics. As noted above, the Bankruptcy Court determined that "other security" existed which would provide the Utilities with "adequate assurance." *See In re Penn Jersey Corp.,* 72 B.R. 981, 985–86 (Bankr.E.D.Pa.1987); *In re Utica Floor Maintenance, Inc.,* 25 B.R. 1010, 1013 (N.D.N.Y.1982); *In re Santa Clara Circuits West, Inc.,* 27 B.R. 680, 684–85 (Bankr. D.Utah 1982). Thus, the Utilities' appeal is contingent on its interpretation of "other security" to include only a bond, letter of credit or similar device. *See In re Stagecoach Enters., Inc.,* 1 B.R. 732, 734 (Bankr.M.D.Fla. 1979) ("If the debtor is to be allowed to continue to operate its business, it should pay its utility bills on a current basis and should furnish adequate assurance of payment in the traditional forms of a cash deposit, a payment bond, or some similar device.").

■ Section 366(b) authorizes the Bankruptcy Court to modify the amount of the deposit or other security, and this determination requires a careful balancing of the interest of rehabilitating a debtor against the interest of the utility. *See In re 499 W. Warren St. Assocs. Ltd. Partnership,* 138 B.R. 363, 365–66 (Bankr.N.D.N.Y.1991); *In re Marion Steel Co.,* 35 B.R. 188, 198–99 (Bankr.N.D.Ohio 1983); *In re Utica,* 25 B.R. at 1013–14; *In re Santa Clara,* 27 B.R. at 685. Accordingly, a Bankruptcy Court must be given reasonable discretion to determine what constitutes "adequate assurance" of payment for continuing service. *See In re Utica,* 25 B.R. at 1013; *In re Marion,* 35 B.R. at 198.

■ In considering the Utilities' argument for a *per se* rule requiring "other security" in a certain form, this Court is mindful "that a bankruptcy judge must not be shackled with unnecessarily rigid rules when exercising the broad administrative power granted him under the [Bankruptcy] Code." *In re Financial News Network Inc.,* 980 F.2d 165, 169 (2d Cir.1992) (alteration in original) (quoting *In re Lionel Corp.,* 722 F.2d 1063, 1069 (2d Cir.1983)); *see also* 2 *Collier on Bankruptcy* ¶ 366.03 (15th ed. 1995) ("The intent [of section 366(b)], as elsewhere, is to leave some judicial flexibility while protecting the utility from unreasonable risk of future losses.").

Accordingly, this Court declines to interpret "other security" as narrowly as urged by the Utilities. *See In re Penn,* 72 B.R. at 986; *In re Woodland Corp.,* 48 B.R. 623, 624–25 (Bankr.D.N.M.1985); *In re Marion,* 35 B.R. at 199; *In re Santa Clara,* 27 B.R. at 684–85; *In re Utica,* 25 B.R. at 1016 (quoting *In re George C. Frye Co.,* 7 B.R. 856, 858 (Bankr.D.Me.1980)). *Contra In re Stagecoach,* 1 B.R. at 734. The interpretation proffered by the Utilities leads to the illogical result that a bankruptcy court would be required to impose a deposit or similar financial instrument, in at least a nominal amount, in every situation even when other security already created "adequate assurance" of payment.

■ Section 366(b) requires the Bankruptcy Court to determine whether the circumstances are sufficient to provide a utility with "adequate assurance" of payment. The statute does not require an "absolute guarantee of payment." *In re Utica,* 25 B.R. at 1014 (quoting *In re Keydata Corp.,* 12 B.R. 156, 158 (1st Cir. BAP 1981)). In this case, the Bankruptcy Court made sufficient factual findings to support its decision. As noted above, the Utilities do not challenge these factual findings. Furthermore, the Utilities concede that they would not seek this additional security from another user with the financial strength of the Debtors, even if the user were seeking new service. Essentially, the Utilities appear to seek this additional security not for adequate assurance of future payment but solely because their monopoly position permits them to capitalize on the Debtors' bankruptcy filing. *See In re Security Inv. Properties, Inc.,* 559 F.2d 1321, 1325 (5th Cir.1977); *In re Kiriluk,* 76 B.R. 979,

984 (Bankr.E.D.Pa.1987). *Cf. In re Hanratty,* 907 F.2d 1418, 1422–24 (3d Cir.1990).

Because the Debtors have appealed solely on this narrow legal issue, the Court need not consider whether the Bankruptcy Court abused its discretion in determining that the Utilities had "adequate assurance" of payment. If this Court were to consider that question, the record is clear that no such abuse occurred. Accordingly, the decision of the Bankruptcy Court is affirmed.

SO ORDERED.