**In re Karen S. SPENCER & Richard L. Spencer, Debtors.**

**In re Suzette A. TASSEFF, Debtor.**

**In re Robert P. FISH & Marianna M. Fish, Debtors.**

**In re Robert H. JOHNSON, Jr. & Michelle L. Johnson, Debtors.**

**Bankruptcy Nos. 97–23123, 97–23330, 97–23666, 97–23916.**

United States Bankruptcy Court, W.D. New York.

Feb. 12, 1998.

Charles Andersen, Elmira, NY, for Debtors.

Clayton Axtell, Binghamton, NY, for N.Y.S.E.G.

## DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On August 15, 1997, Karen S. Spencer & Richard L. Spencer (the "Spencers") filed a petition initiating a Chapter 13 case. On their schedules, the Spencers indicated that New York State Electric & Gas Corporation ("NYSEG") held an unsecured claim of $3,581.30 for utility services.

On September 3, 1997, Suzette A. Tasseff ("Tasseff") filed a petition initiating a Chapter 7 case. On her schedules, Tasseff indicated that NYSEG held an unsecured claim for $945.91 for utility services.

On September 30, 1997, Robert P. Fish & Marianna M. Fish (the "Fishes") filed a petition initiating a Chapter 7 case. On their schedules, the Fishes indicated that NYSEG held an unsecured claim in the amount of $1,569.98 for utility services.

On October 20, 1997, Robert H. Johnson, Jr. and Michelle L. Johnson (the "Johnsons") filed a petition initiating a Chapter 7 case. On their schedules, the Johnsons indicated that NYSEG held an unsecured claim in the amount of $1,864.65 for utility services.

On October 9, 1997, NYSEG sent the Spencers a Deposit Request Pursuant to Federal Bankruptcy Law (a "Deposit Request") which provided the Spencers with two deposit options for them to provide adequate assurance of payment for future services pursuant to Section 366.[1] The first

---

1. Section 366 provides:

   (a) Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

option was to provide a deposit of $1,524.00 by no later than October 19, 1997, which NYSEG would hold for thirty-six months and apply to any statement for services not paid when due. The first option also required the Spencers to replenish the security deposit to the extent that it was applied to any unpaid statement. The second option was to execute a stipulation and provide a lower deposit in the amount of $131.00, which represented NYSEG's determination of the Spencer's average utility usage at their residence for one month, measured over the past twelve months.[2] The proposed stipulation: (1) confirmed that the stated deposit would constitute adequate assurance of payment for future service in the form of a deposit or other security pursuant to Section 366(b); (2) provided that if during the next thirty-six months when the deposit was to be retained by NYSEG, the Spencers failed to pay any outstanding bill for services when due, or within an additional five day grace period, NYSEG would be entitled to immediately terminate their utility service; and (3) provided that it must be approved by the Bankruptcy Court.

On November 17, 1997, NYSEG sent a Deposit Request to Tasseff which did not offer two options, but only required a thirty-six month security deposit of $873.00.

On December 8, 1997, NYSEG sent a Deposit Request to the Fishes which did not offer two options, but only required a thirty-six month security deposit of $863.00.

On December 8, 1997, NYSEG sent a Deposit Request to the Johnsons which did not offer two options, but only required a thirty-six month security deposit of $864.00.

Each of these debtors was represented by the same bankruptcy attorney who filed a separate motion in each case (collectively the "Deposit Motions") which requested that the Court, pursuant to Section 366(b), modify the security deposits which NYSEG had request-ed. The Deposit Motions alleged that in each case the deposit requested by NYSEG was unreasonable and excessive, in that: (1) the deposit of $1,524.00 required of the Spencers was 11.6 times their average monthly usage of $131.00, as determined by NYSEG; (2) the $873.00 deposit required of Tasseff was 5.6 times what Tasseff computed to be her average monthly billing of $155.00; (3) the $863.00 deposit required of the Fishes was 4.3 times what the Fishes computed to be their average monthly billing of $200.00; and (4) the $864.00 deposit required of the Johnsons was 13.5 times what the Johnsons computed to be their average monthly billing of $64.00.

At oral argument, the attorney for the debtors asserted that, although the Court had the discretion under Section 366(b) to require a deposit in excess of the amount necessary to pay for two months of estimated utility services, the New York State Legislature had determined this amount to be a maximum reasonable deposit which could be requested by a regulated public utility from a delinquent residential customer when it enacted Section 36.3. of the New York Public Service Law (the "PSL"), which provided in part that:

> "In any case where customer deposits are authorized by this section, a utility corporation or municipality may require a customer or applicant for service to deposit a reasonable sum of money according to the estimated quantity of such services necessary to supply the customer or applicant for service for two months, and to secure payment for such services actually rendered, or for the rental of fixtures, instruments and facilities actually supplied."

The attorneys for NYSEG, at oral argument and in various submissions in connection with the Deposit Motions, asserted that: (1) the Bankruptcy Court has broad discretion under Section 366(b) to determine, as a

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

2. The Spencers formerly owned a rental property where a portion of the pre-petition delinquencies were incurred.

matter of federal law, what constitutes adequate assurance of payment for future utility services, and it is not bound by any state law or regulations, including the New York Public Service Law; (2) each of these debtors was seriously delinquent pre-petition, as shown by the amount of NYSEG's unsecured claims; (3) the pre-petition delinquencies for each of these debtors were substantially in excess of two times their average monthly bill; (4) it was NYSEG's experience that, notwithstanding the deposit provisions of Section 36 of the PSL, compliance with the regulations of the New York State Public Service Commission in terminating utility services to a delinquent residential customer, as opposed to a commercial customer, often proved that a two-month security deposit was inadequate to cover the services actually provided between the taking of the deposit and the final termination of service; and (5) the Deposit Motions did not provide adequate information regarding the finances of the respective debtors which the Court would need to make a proper factual determination of adequate assurance of future payment in each case.

## DISCUSSION

Court is often asked to make determinations of adequate assurance of payment under Section 366(b) in commercial bankruptcy cases, most often in Chapter 11 cases, and only seldom is such a request made when the debtor is a residential customer.

■■■ From various decisions within the Second Circuit, we know that: (1) bankruptcy courts must be afforded reasonable discretion in determining what constitutes adequate assurance of payment for continuing utility services, *In re Caldor*, 117 F.3d at 650 (2d Cir.1997); (2) in deciding what constitutes adequate assurance of payment, a bankruptcy court must focus upon the need of the utility for assurance, and to require that the debtor supply no more than that, *In re Caldor*, 117 F.3d at 650; (3) the term "other security" in Section 366(b) may include other safeguards provided by the bankruptcy court, *In re Caldor*, 199 B.R. 1 (S.D.N.Y.1996); and (4) what constitutes adequate assurance of payment is a factual ques-

tion to be resolved on a case-by-case basis, and is not necessarily equivalent to a deposit approved or required by a state regulatory commission, *In re 499 West Warren Street Associates, L.P.*, 138 B.R. 363, 365 (Bankr. N.D.N.Y.1991).

■■ We also know that in New York State, public utilities such as NYSEG are subject to the provisions of the Public Service Law and are regulated by the Public Service Commission. This comprehensive regulation includes the setting of permissible rates, which allow for a reasonable rate of return to the utility's shareholders. Losses incurred by these public utilities because of defaults by residential customers, including post-petition defaults by customers who have filed bankruptcy cases, must be a factor which is taken into account as part of the comprehensive regulation by the Public Service Commission and by the New York State Legislature when it periodically reviews and amends, as necessary, the PSL. That being the case, although I agree that the Bankruptcy Court is not bound by Section 36 of the PSL, the two-month maximum deposit provided for in that section in the case of a delinquent residential customer is a factor which this Court will consider.

Although there may be times when a residential customer debtor who has been delinquent pre-petition can demonstrate, based upon such factors as payment history, net worth and a present and future ability to pay for post-petition services, that his financial situation warrants a deposit of less than the amount projected to cover services for a two-month period, this Court believes that a two-month deposit, to be held by the utility for the time periods indicated in Section 36 of the PSL, along with other appropriate safeguards, will provide adequate assurance of payment under Section 366(b) in the case of such a debtor.

■■ Therefore, I hold that absent extraordinary circumstances, which might in an appropriate case result in this Court reducing or increasing such a deposit, public utilities, such as NYSEG, can, pursuant to Section 366(b), require from a residential customer debtor who was delinquent pre-petition, irre-

spective of whether that debtor is in Chapter 7, 11 or 13, a security deposit (the "Deposit") equal to the sum of the highest two monthly statements, without late charges, during the previous twelve months of service, or during the actual period of service if it has been for less than twelve months.[3]

■ In addition, this Court holds that as further and integral elements of adequate assurance of payment, which this Court considers to be in the nature of other security under Section 366(b): (1) should a residential customer debtor who has made the two-month Deposit provided for herein fail, while his bankruptcy case is still open, to pay a post-petition monthly statement within ten (10) days after it is due by its terms, the utility may apply to the Court, on two business days written notice to the debtor and the debtor's attorney, for an order authorizing the utility to immediately terminate service should the debtor thereafter fail to pay any two consecutive monthly statements by the date on which the second statement is due by its terms[4]; and (2) should a residential customer debtor who has made the two-month Deposit provided for herein not pay a post-petition statement for utility services when it is due by its terms, the utility can immediately commence whatever procedures are available to it under applicable state law and regulations to terminate service, so that it will be in a position to terminate service at the earliest permissible time before or after the debtor's case is closed.[5]

## CONCLUSION

■ I do not believe that the facts presented in the cases of the Spencers, Tasseff,

the Fishes or the Johnsons are so extraordinary as to require more or less than the two-month Deposit, along with the further elements of adequate assurance discussed herein, in order to provide NYSEG with the adequate assurance of payment required by Section 366(b). The Deposit Motions are each granted to the extent that the deposit which NYSEG can request of the respective debtors pursuant to Section 366(b) shall be no more than the sum of the highest two monthly statements, without late charges, rendered to the debtors for services in the twelve-month period pre-petition, or the actual period of service if less than twelve months.

**IT IS SO ORDERED.**

---

3. In the Northeast, gas and electric billings can fluctuate dramatically depending on the season. Requiring the deposit to be based on the highest two months in the prior twelve month billing cycle should provide adequate assurance for any two month period and eliminate the timing of a debtor's filing as a factor.

4. The burden shall be on the attorney for the debtor to arrange for a telephonic conference with the Court if that attorney believes there are exceptional circumstances which would persuade the Court not to enter such a termination order.

5. This further element of adequate assurance is on the one hand a simple confirmation that Section 366(b) does not affect a utility's right to commence termination proceedings under state law and regulations by reason of a debtor's post-petition delinquency, *See Begley v. Philadelphia Electric Co.*, 760 F.2d 46 (3d Cir.1985). It is also intended to clarify that this Court will not consider the utility's actions in commencing or continuing termination proceedings under state law and regulations to be a waiver of its right, as provided for herein, to apply to this Court for an order authorizing it to immediately terminate utility service while the debtor is still under the jurisdiction of this Court.