## In re ANCHOR GLASS CONTAINER CORPORATION, Debtor.

### No. 8:05–bk–15606–ALP.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 16, 2005.

Cahill, Gordon & Reindel LLP, New York, NY, Cohen & Grigsby, P.C., Pittsburgh, PA, Hywel Leonard, Kathleen S. McLeroy, Robert M. Quinn, Robert A. Soriano, Tampa, FL, for Debtor.

*ORDER ON OBJECTION OF THE OF-FICIAL COMMITTEE OF UNSE-CURED CREDITORS TO THE DEBTOR'S PAYMENT OF THE PREPETITION CLAIMS OF UTIL-ITY COMPANIES AS ADEQUATE ASSURANCE OF FUTURE PER-FORMANCE UNDER 11 U.S.C. § 366.*

(Doc. No. 281)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

The matter under consideration in this Chapter 11 case of Anchor Glass Container Corporation (Anchor or the Debtor) relates to the treatment of various utility companies (the Utilities) providing service to the Debtor. Among the first day motions filed by the Debtor on August 8, 2005 was an Emergency Motion for Entry of Order (A) Deeming Utilities Adequately Assured of Future Performance, (B) Authorizing the Debtor to Pay Prepetition Obligations Owed to Utilities as Adequate Protection, (C) Establishing Procedures for Determining Adequate Assurance to Utilities and (D) Establishing Restraining Order Pursuant to Sections 105(a), 363, 366 and 525 of the Bankruptcy Code (Doc. No. 9) (the Utilities Motion).

On August 24, following a hearing on the Utilities Motion, this Court entered an Order (A) Deeming Utilities Adequately Assured of Future Performance, (B) Authorizing the Debtor to Pay Prepetition Obligations Owed to Utilities as Adequate Protection, (C) Establishing Procedure for Determining Adequate Assurance to Utilities and (D) Prohibiting Certain Actions Pursuant to Sections 362, 366 and 525 of the Bankruptcy Code (Doc. No. 111) (the Utilities Order). The Utilities Order, among other things, authorized the Debtor to pay all undisputed prepetition and post-petition invoices of the Utilities, deemed

the Utilities adequately assured of future performance, and prohibited the Utilities from altering or discontinuing service to the Debtor. The Utilities Order granted relief without prejudice to the Official Committee of Unsecured Creditors (the Committee), once it was appointed, to object.

The Committee did object, filing its Objection of the Official Committee of Unsecured Creditors to the Debtor's Payment of the Prepetition Claims of Utility Companies as Adequate Assurance of Future Performance Under 11 U.S.C. § 366 (Doc. No. 281) (the Objection). In the Objection, the Committee objects to the Debtor's payment of its prepetition debts to the Utilities as the adequate assurance of future performance. *See* 11 U.S.C. § 366 (2000).

Following the Objection, this Court entered an Order giving the Utilities until October 8, 2005 to respond to the Objection. The majority of the Utility Companies did not respond to the Objection; therefore, as set out in a separate Order on Objection of Official Committee of Unsecured Creditors with Respect to Provision of Adequate Assurance of Future Performance to Various Utilities (Doc. No. 516), this Court sustained the Objection as to those nonresponding entities.

The following Utilities did respond: American Electric Power; CenterPoint Energy Services; CenterPoint Energy Resources Corp. d/b/a/ CenterPoint Energy Minnesota Gas; New York State Electric and Gas Corporation; Georgia Power Company; Atlantic City Electric; JEA; and Peoples Gas Company (together, the Responding Utilities). UGI Energy Services, Inc. d/b/a/ Gasmark and the City of Warner–Robins, Georgia also responded,

but have reached an agreement settling their disputes with the Committee, and Orders have already been entered regarding these two entities (Doc Nos. 503 and 537).

The Bankruptcy Code empowers utilities to "alter, refuse or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date." 11 U.S.C. § 366. The Utilities Order allowed the Debtor to pay any undisputed prepetition and postpetition invoices and deemed this arrangement to provide adequate assurance to the Utilities. The Committee contends that the Responding Utilities should be compelled to repay to the Debtor all amounts paid in satisfaction of prepetition debt, and the allowance of an administrative expense for any possible postpetition default should suffice as the adequate assurance of future payment required under Section 366 of the Bankruptcy Code, without the need for a postpetition deposit. The Responding Utilities asserted varying positions, both in their response and at the hearing, but generally request that this Court allow the payments of prepetition invoices as a form of adequate assurance, and, if the payment is disallowed, that the Debtor pay a two month deposit, in an amount of twice the average monthly invoice in the last twelve month period.

Some courts have determined that the allowance of an administrative expense for any post-petition services, along with the imposition of certain procedural safeguards for the utility companies in the case of a default.[1] *See, Virginia Elec. & Power*

---

1. It is noteworthy that the type of arrangement urged in the Objection would be impossible under the new Code. See, 11 U.S.C.

§ 366 (effective in cases filed after October 17, 2005) (defining "assurance of payment" as "(i) a cash deposit; (ii) a letter of credit;

*Co. v. Caldor, Inc.,* 117 F.3d 646 (2d Cir. 1997) (finding adequate assurance of future payment based on payment history and debtor in possession financing); *In re Adelphia Bus. Solutions, Inc.,* 280 B.R. 63 (Bankr.S.D.N.Y.2002).

 The type of arrangement that constitutes adequate assurance of future payment is a fact-intensive inquiry, determined under the individual circumstances of the case. *See Caldor,* 117 F.3d at 650; *In re Keydata Corp.,* 12 B.R. 156, 158 (1st Cir. BAP 1981). Section 366 requires a determination that a utility is not subject to unreasonable risk of nonpayment, but does not require a guarantee of payment. *Caldor,* 117 F.3d at 650; *Adelphia,* 280 B.R. at 87. The Committee contends that an administrative expense, at least in the context of this case, negates the risk of nonpayment without the need for a deposit, and particularly without the need for payment of prepetition claims. The Responding Utilities contend that a utility being paid on time, with no outstanding unpaid invoices is assured of future payment.

 This Court is hesitant to sustain the Objection. The difficulty of providing the Responding Utilities with only an administrative expense lies in the billing cycles under which the Debtor receives service. The problem, as identified in the affidavits filed by the Responding Utilities, is that the Debtor uses power (the nature of the Debtor's business is such that it consumes a great deal of power) for thirty days, the utility takes a reading on the twentieth day, and sends a bill on the thirtieth day. The bill is due on the forty-fifth day, and is late on the sixtieth day, and the utility can generally cut the power

to the Debtor on the seventy-fifth day, so the utility could potentially have sixty days worth of power used and owing, which given the Debtor's amounts of consumption could be a substantial sum. Clearly, the Responding Utilities are entitled to adequate assurance of future payment, given the circumstances of this case.

The issue then is whether the payment of prepetition claims can provide the assurance required by Section 366, and not whether the Responding Utilities should be treated as critical vendors, and therefore the doctrine of necessity is not implicated. However, the framework established by Section 366 is based upon "a deposit or other form of security." While a utility that has been paid on time and has an administrative expense claim may feel assured that it will be paid in the future, a deposit will have the same effect, without prematurely and outside of a plan of reorganization disrupting the order of payments to unsecured creditors.

Based on the foregoing, this Court is satisfied that the Responding Utilities is entitled to keep the payments made by the Debtor on account of prepetition debts, but shall do so as a security deposit against future services. In the event such deposit is not applied to postpetition invoices, the individual Responding Utilities shall refund the amount to the Debtor.

Accordingly it is

ORDERED, ADJUDGED AND DE-CREED that the Objection of the Official Committee of Unsecured Creditors to the Debtor's Payment of the Prepetition Claims of Utility Companies as Adequate Assurance of Future Performance Under 11 U.S.C. § 366 (Doc. No. 281), as it relates to the Utilities listed above, be, and

(iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; or (vi) another form of security that is mutually

agreed on between the utility and the debtor or the trustee").

the same is hereby sustained in part and overruled in part. It is further

ORDERED, ADJUDGED AND DE-CREED that the Respondind Utilities shall retain the funds paid by the Debtor on account of undisputed prepetition invoices as a deposit against future services. In the event any amount of such deposits are not applied, the Responding Utilities shall refund the amount to the Debtor.

DONE AND ORDERED.